# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as AETNA CASUALTY AND SURETY COMPANY,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:16-cv-170 (JCH) |
| v. | JANUARY 10, 2017 |
| CENTURY INDEMNITY CO., successor to INSURANCE COMPANY OF NORTH AMERICA,<br>    Defendant. | |

## RULING RE:  MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR LEAVE TO FILE MOTION TO COMPEL PRODUCTION (Doc. No. 66)

The plaintiff, Travelers Casualty and Surety Company, formerly known as Aetna Casualty and Surety Company ("Travelers"), filed this action for breach of two reinsurance contracts and for declaratory judgment, against the defendant, Century Indemnity Company, successor to Insurance Company of North America ("Century"). See Amended Compl. (Doc. No. 24) ¶ 1.  Before the court is Century's Motion for Reconsideration (Doc. No. 66) concerning a discovery dispute.

## I.    BACKGROUND

Travelers seeks reimbursement for asbestos-related settlement funds that Travelers paid on behalf of a policyholder.  See Amended Compl. ¶ 11.  Travelers' declaratory judgment claims ask the court to declare, inter alia, that (1) the parties' reinsurance agreements[1] do not obligate Travelers to provide Century with privileged

---

[1] Rather than using the term 'reinsurance agreements,' the relevant declaratory judgment counts refer to "Facultative Certificates."  Amended Compl. ¶¶ 59, 69.  The Facultative Certificates are documents memorializing the reinsurance agreements.  See id. ¶ 29; see also Facultative Certificate, Black's Law Dictionary (10th ed. 2014) (defining term as, "[a] contract of reinsurance separately negotiated to cover risks under a single insurance policy").

documents, see id. ¶ 59, and (2) Century's obligation to pay is not preconditioned on access to Travelers' records, see id. ¶ 69.

On October 21, 2016, Century filed a Motion for Leave to File a Motion to Compel Production (Doc. No. 48).  Century sought leave to file a motion out of time to compel Travelers to respond to a set of requests for production, by producing, inter alia, documentation concerning Travelers' settlement of the underlying claims.  See Mem. in Supp. of Mot. to File (Doc. No. 49) at 1, 6.  Century stated that Travelers had "refused to produce the non-privileged portion of its outside coverage counsel files, citing baseless relevancy and burdensomeness grounds, and had also improperly asserted privilege in connection with [certain] business, not legal, communications."  Id. at 1–2.  Century also stated that Travelers had "failed to live up to its contractual obligation to provide proper billings and information concerning the underlying settlement."  Id. at 2.  In support of its Motion, Century argued, inter alia, that the parties' reinsurance contracts obligated Travelers to provide certain information.  See id. at 12–13; see also id. at 3–4 (quoting portion of reinsurance contracts).

The court denied the Motion for Leave to File.  See Endorsement Order (Doc. No. 63).  Thereafter, Century filed this Motion for Reconsideration (Doc. No. 66).

## II.    LEGAL STANDARD

District of Connecticut Local Rule 7(c) provides an avenue for filing Motions for Reconsideration.  Parties must file and serve such Motions within fourteen days of the ruling from which relief is sought and provide "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the [c]ourt overlooked in the initial decision or order."  D. Conn. Civ. R. 7(c)(1).  In all other respects, motions for

reconsideration are briefed and adjudicated like any other motion.  See D. Conn. Civ. R. 7(c)(2).

"The standard for granting a motion for reconsideration is 'strict.'"  Fallman v. Hotel Insider, Ltd., No. 14-CV-10140 (DLC), 2016 WL 6238610, at *1 (S.D.N.Y. Oct. 25, 2016) (quoting Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also Sellers v. First Student, Inc., No. 16-CV-236 (JCH), 2016 WL 7493953, at *2 (D. Conn. Dec. 30, 2016).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.

## III.   DISCUSSION

The Motion for Reconsideration presents no reasoning which could persuade the court to alter its decision to deny the Motion for Leave to File.  Century still has not shown good cause for the belated nature of its proposed motion to compel production. Century suggests that good cause exists for this lateness, due to the fact that Century had to review over 30,000 pages of production.  See Mem. in Supp. of Mot. for Reconsideration (Doc. No. 66-1) at 9.  However, Century has not demonstrated why it

needed to review all the documents produced, before moving to compel production of the documents Century now seeks.  Travelers has represented to the court that, on May 23, 2016, a month before Travelers had completed its production of over 30,000 documents, Travelers had already objected to production of the outside coverage counsel files.  <u>See</u> Mem. in Opp. to Mot. to File (Doc. No. 60) at 3.  Century thus has not given an adequate reason for why Century would need to review all the documents that Travelers produced in order to determine that Travelers had not produced the outside coverage counsel files.

Furthermore, Travelers has represented to the court that it substantially completed its production on June 23, 2016.  <u>See</u> Mem. in Opp. to Mot. for Reconsideration (Doc. No. 75) at 4.  Almost four months passed between that date and the date when Century filed its Motion for Leave to File a Motion to Compel Production, on October 21, 2016.  Century notes that, "[a]s far back as July 25, 2016, Century made the Court aware that Century anticipated the possibility of a motion to compel the further production of documents from Travelers."  Mem. in Supp. of Mot. for Reconsideration at 9 (internal quotation marks and brackets omitted).  The fact that Century knew as far back as July 25, 2016 that Century might decide to move to compel production weighs <u>against</u> finding good cause, however.  If Century had this knowledge as far back as July 25, 2016, Century had an opportunity to prepare and file a motion to compel earlier.

Century also reiterates that it obtained new counsel on August 25, 2016.  <u>See</u> Reply (Doc. No. 76) at 7–8.  However, almost two months passed between the date when new counsel appeared and the date when Century filed its Motion for Leave to File.

Furthermore, the court continues to believe that the documents that Century seeks to obtain by compelling production are effectively what the underlying dispute in this case is about:  In its Amended Complaint, Travelers asks the court to declare, <u>inter alia</u>, that Century's obligation to pay is not preconditioned on access to records.  <u>See</u> Amended Compl. ¶ 69 ("Travelers Casualty is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Facultative Certificates' access to records provision does not create a pre-condition to Century's obligation to make payment of its proportion of loss and expenses promptly following receipt of proof of loss.").  Travelers' refusal to produce documents on "relevancy" grounds, <u>see</u> Mem. in Supp. of Mot. to File at 1–2, is evidently premised on Travelers' position that Century's obligation to pay is not preconditioned on access to these documents.[2]

Century's Motion for Reconsideration presents no grounds which would lead the court to reconsider its Order denying the Motion for Leave to File.  For instance, Century presents no intervening change of controlling law, newly available evidence, clear error, manifest injustice, or anything that suggests to the court that the court might reasonably be expected to alter its opinion.

---

[2] In its Order, this court referred to Century as seeking to compel production of "privileged documents."  <u>See</u> Endorsement Order.  In the Motion for Reconsideration, Century notes that it seeks to compel production of documents which, in its view, are not privileged.  <u>See</u> Mem. in Supp. of Mot. for Reconsideration at 2; <u>see also</u> Reply at 3–4.  The court takes no position as to whether the documents Century seeks are in fact privileged.  The court merely reaffirms its decision to deny the Motion for Leave to File, because Century has not shown good cause for its lateness, and because the issue—of whether Century may obtain the documents it seeks, privileged or not—is part of the underlying dispute in this case.

IV.     **CONCLUSION**

For the foregoing reasons, Century's Motion for Reconsideration (Doc. No. 66) is

**DENIED**.

        **SO ORDERED.**

Dated this 10th day of January, 2017, at New Haven, Connecticut.


                        /s/ Janet C. Hall
                        Janet C. Hall
                        United States District Judge